# NO. 12-12-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SPENCER EUGENE STOKES,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *PER CURIAM ORDER*

Appellant, the State of Texas, filed a motion for rehearing after this court affirmed the trial court's order granting Appellee's motion to suppress. *State v. Stokes*, No. 12-12-00062-CR, 2013 WL 3487055, at \*4 (Tex. App.—Tyler July 10, 2013, no pet. h.) (mem. op., not designated for publication). The motion included a copy of the trial court's findings of fact and conclusions of law, which had been filed in this court one day earlier in a supplemental clerk's record.

A trial court's ruling on a suppression issue includes two types of rulings: (1) historical factual findings, often based on credibility determinations (reviewed for abuse of discretion), and (2) ultimate legal rulings that determine whether reasonable suspicion or probable cause existed (reviewed de novo). *State v. Mendoza*, 365 S.W.3d 666, 669 (Tex. Crim. App. 2012). The trial court's rulings on suppression issues are often memorialized in its findings of fact and conclusions of law. *See id.* at 673. But when those findings do not include credibility determinations and include ambiguous factual findings, the appellate court must abate the appeal to the trial court for more explicit findings. *See id.*

Here, the State presented uncontroverted testimony from Deputy Joseph Durr and photographs of the interior of the vehicle that Appellee was driving. In its findings, the trial court states that "digital scales [were] in the plain view of Deputy Durr." Deputy Durr testified that, based on his training and experience, scales are used for weighing narcotics. On cross-examination, he

confirmed that the search of Appellee's vehicle "was a search for the drugs," even though he did not see any drugs in plain view. On redirect, Deputy Durr confirmed that the area in which Appellee was stopped was a known drug area, that he had stopped Appellee before, that Appellee had a reputation of being a drug dealer or user, and that in addition to searching for drugs, Deputy Durr was "also trying to figure out if [the vehicle] was stolen[.]"

The trial court's findings do not state whether the court fully believed the testimony of Deputy Durr. Additionally, the trial court made no specific findings regarding (1) whether Deputy Durr reasonably believed that the vehicle was stolen; (2) whether Appellee was stopped in a known drug area; (3) whether Deputy Durr had prior interaction with Appellee; and (4) whether Appellee had a reputation for being a drug dealer or user. Nor did the trial court make any findings as to whether, based on the aforementioned facts, Deputy Durr reasonably believed that drugs were inside the vehicle. We cannot determine whether these findings were omitted because the trial court did not find Deputy Durr credible or because the court concluded that such findings were unnecessary to its determination of the suppression issue. Therefore, we conclude that the trial court's findings of fact are ambiguous.

The court of criminal appeals has recently held that "reviewing courts should not make implied findings of fact and credibility determinations that are contrary to the trial judge's ultimate ruling." *See id*. at 667. Therefore, we further conclude that more specific findings are necessary for our consideration of the State's motion for rehearing. *See id.* at 673.

Accordingly, IT IS ORDERED that this appeal be ***abated*** and ***remanded*** to the district court with instructions that the court prepare findings regarding (1) whether Deputy Joseph Durr reasonably believed the vehicle was stolen and (2) whether the testimony of Deputy Durr was fully credible. If the trial court finds that Deputy Durr's testimony was not fully credible, the court should also prepare findings regarding (1) whether Appellee was stopped in a known drug area, (2) whether Deputy Durr had prior interaction with Appellee, (3) whether Appellee had a reputation for being a drug dealer or user, and (4) whether Deputy Durr reasonably believed that contraband was inside Appellee's vehicle.

IT IS FURTHER ORDERED that a supplemental record containing the trial court's findings of fact and any appropriate order(s) attendant thereto be certified to this court on or before ***twenty (20) days*** after the date of this order.

Order issued October 16, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

2